IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| SILAS MARTIN, #145609, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:15-CV-307-MHT |
| | ) | |
| AUBURN POLICE DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Silas

Martin ("Martin"), an indigent state inmate and frequent federal litigant, on May 6, 2015.[1]

In this complaint, Martin alleges that his arrest on August 7, 2007 for a sexual offense

committed against a child violated his constitutional rights because it occurred absent a

warrant and without probable cause. *Complaint - Doc. No. 1* at 6-7.  Martin also presents

claims attacking the constitutionality of other actions that led to his arrest and subsequent

conviction for second degree attempted sodomy on October 30, 2007.  *Id*. at 7-8.[2]  Martin

---

[1] The Clerk stamped the complaint "received" on May 7, 2015. The envelope containing the complaint indicates that Martin presented the complaint to prison officials for mailing on May 6, 2015. *Complaint - Doc. No. 1* at 9.  A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Thus, the court considers May 6, 2015 as the date of filing.

[2] Although Martin asserts that his trial and conviction occurred on October 31, 2007, *Complaint - Doc. No. 1* at 8, the record of his habeas corpus action filed with this court in which he challenged the attempted sodomy conviction establishes that these proceedings actually occurred on October 30, 2007. *Martin v. Hetzel, et al.*, 2:09-CV-875-ID-SRW (M.D. Ala. 2011) (petition denied).

advises that all of the actions about which he complains occurred from July 27, 2007 through

the date of his conviction. *Id*. at 7. Martin names the Auburn Police Department, the Mayor

of the City of Auburn, the Chief of the Auburn Police Department, Jay Jones, the Sheriff of

Lee County, Alabama, the Child Advocacy Center of East Alabama, Alice Reid, a forensic

interviewer for the aforementioned center, and Patrick E. McCulloch, a detective for the

Auburn Police Department, as defendants in this cause of action.[3] Martin seeks monetary

damages for the alleged violations of his constitutional rights. *Id*. at 8.

Upon review of the complaint, the court concludes that dismissal of this case prior to

service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[4]

## II.  DISCUSSION

Martin challenges the constitutionality of actions taken against him in 2007 related

to his arrest and conviction for attempted sodomy in the second degree. It is clear from the

face of the complaint that the claims presented by Martin are barred by the statute of

limitations relevant to a 42 U.S.C. § 1983 action filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the
> statute of limitations governing personal injury actions in the state where the
> § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105

---

[3]In *Martin v. McCulloch, et al.*, 3:08-CV-444-WKW-SRW (M.D. Ala. 2011), this court addressed the instant claims for relief presented against Ms. Reid and the false arrest claim against Detective McCulloch and decided the merits of these claims adversely to Martin.

[4]The court entered an order granting Martin leave to proceed *in forma pauperis* in this case. *Order of May 8, 2015 - Doc. No. 3*. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The actions made the basis of the instant complaint occurred in 2007 and culminated with Martin's conviction for second degree attempted sodomy by the Circuit Court of Lee County, Alabama on October 30, 2007. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Martin from application of the time bar.[5] Thus, the statute of limitations began to run on the claims presented herein on October 31, 2007.[6] The limitations period ran uninterrupted until it expired on November 2, 2009.[7] As previously noted, Martin filed the instant complaint on May 6, 2015. Thus, this filing occurred over five years after expiration of the period of limitations.

The statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint.

---

[5]This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The records of this court demonstrate that Martin was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[6]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

[7]Because the last day of the limitation periods - October 31, 2009 - fell on a Saturday, Martin had until the following Monday, November 2, 2009, to timely file a 42 U.S.C. § 1983 action. Rule 6(a)(3)(A), *Federal Rules of Civil Procedure*.

*Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Martin has no legal basis on which to proceed as he filed this cause of action more than five years after the actions which form the basis of the complaint occurred. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations expired in November of 2009, well over five years prior to Martin filing the instant

4

complaint.  In light of the foregoing, the court concludes that Martin's claims related to actions which occurred prior to and upon his 2007 conviction for second degree attempted sodomy are barred by the applicable statute of limitations and these claims are therefore subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[8]

### B.  The Challenges to Plaintiff's Conviction

Martin alleges that Ms. Reid fabricated evidentiary materials and that she and officers with the Auburn Police Department, including Detective McCulloch, provided false testimony at his trial, which led to his conviction for second degree attempted sodomy. These claims, by their very nature, go to the validity of Martin's conviction and current incarceration.  Consequently, these claims provide no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  *Heck*, 512 U.S. at 483-489.  The relevant inquiry is "whether a judgment in favor

---

[8]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646-648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the constitutionality of his confinement] ... may not do that in a civil suit, other than a suit under the habeas corpus statute."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the ground of the challenge."). In *Balisok*, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims raised in the instant complaint regarding fabricated evidence and perjured

testimony implicate the constitutionality of a conviction and sentence imposed upon Martin by the Circuit Court of Lee County, Alabama for second degree attempted sodomy. A judgment in favor of Martin on these claims would necessarily imply the invalidity of this conviction and sentence.  It is clear from the complaint that the conviction and sentence to which Martin's claims relate have not been invalidated in an appropriate proceeding.[9] Consequently, any collateral attack under § 1983 on the conviction and sentence imposed upon Martin is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok*, 520 U.S. at 645; *Heck*, 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the defendants which are proper for review in a 42 U.S.C. § 1983 action be DISMISSED with prejudice prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitations.[10]

2.  To the extent that the complaint challenges the constitutionality of a conviction and

---

[9]As previously noted, *supra* at 1 n.2, the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Martin challenging his 2007 conviction for second degree attempted sodomy was denied by this court. *Martin v. Hetzel, et al.*, 2:09-CV-875-ID-SRW (M.D. Ala. 2011)

[10]Even had Martin timely filed this case he would be entitled to no relief on these claims because they would be subject to dismissal as malicious in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and/or barred from review by the doctrine of *res judicata* in light of the prior adjudication of his claims by this court in *Martin v. McCulloch, et al.*, 3:08-CV-444-WKW-SRW  (M.D. Ala. 2011).

sentence imposed upon Martin by the Circuit Court of Lee County, Alabama, the complaint

be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)

as such claims are not properly before the court.

3.  This case be summarily dismissed with prejudice to the extent that the claims

presented in the complaint are barred by the statute of limitations and without prejudice as

to those claims which challenge the constitutionality of a state criminal conviction imposed

upon the plaintiff.

It is further

ORDERED that on or before June 12, 2015, the parties may file objections to the

Recommendation.   Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*,

677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.

1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting

as binding precedent all decisions of the former Fifth Circuit handed down prior to the close

of business on September 30, 1981.

DONE, this 29th day of May, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE